733 So.2d 74 (1999)
Edwin MASSEY and Bonnie Massey, PlaintiffsAppellants,
v.
Pete PARKER d/b/a Parker Construction Company, DefendantAppellee.
No. 98-1497.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1999.
Rehearing Denied April 1, 1999.
Writ Denied June 18, 1999.
Don Burkett, Many, for Edwin Massey, et ux.
Steven D. Crews, Natchitoches, for Pete Parker d/b/a Parker Construction Co.
Michael Sidney Hubley, Shreveport, for State Farm Fire & Casualty Co.
Before DECUIR, SULLIVAN, and GREMILLION, Judges.
SULLIVAN, Judge.
Edwin and Bonnie Massey appeal the dismissal of their claims against State Farm Fire and Casualty Company, the commercial general liability insurer of defendant, Pete Parker d/b/a Parker Construction Company. For the following *75 reasons, we reverse in part, affirm in part, and remand for further proceedings.

FACTS
Edwin and Bonnie Massey contracted with Pete Parker d/b/a Parker Construction Company (Parker) to construct a home for them. The Masseys paid Parker the contracted amount at the time construction of the home was completed. After moving into their new home, the Masseys discovered defects in the construction of the home. They filed suit against Parker seeking a reduction in the contract price. State Farm Fire & Casualty Company (State Farm) was added as a defendant, pursuant to a Contractors Policy issued by it to Parker. The declarations page of the policy provides for $100,000.00 business liability coverage and $200,000.00 products-completed operations coverage in favor of Parker.
The issues of liability and insurance coverage were bifurcated. The issue of insurance coverage was submitted to the trial court. For trial purposes, the parties stipulated to the facts necessary for the trial court to make a determination on the issue. The stipulation included nineteen defects in the home identified by the Masseys. The trial court determined that the policy of insurance issued by State Farm did not provide coverage for any of their claims against Parker.

ISSUES
The Masseys raise two issues on appeal: was there an "occurrence" as defined under the terms of the policy, and does the products-completed operations provision of the policy provide coverage for the situation presented herein?

BUSINESS LIABILITY COVERAGE
The State Farm policy provides business liability coverage to Parker only if there is an "occurrence" as defined by the policy. "Occurrence" is defined by the policy as: "an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in bodily injury or property damage...."
In his Reasons for Judgment, the trial court correctly determined that for the State Farm policy to provide coverage for the claims of the Masseys "there must be an occurrence as defined by the contract." The trial court further determined "that none of the plaintiffs' 19 defects and deficiencies allege an occurrence, i.e., an accident which results in injury to person or property."
The issues presented herein were recently addressed by this court in Iberia Parish School Board v. Sandifer & Son Construction Co., Inc., 98-319 (La.App. 3 Cir. 10/28/98), 721 So.2d 1021. In Sandifer, we rejected the line of jurisprudence in which courts refused to find an "occurrence" where the only basis of a contractor's liability was improper construction. In doing so, we utilized the approach suggested by Professors William S. McKenzie and H. Alston Johnson, III, in their treatise on Louisiana insurance law. In the professors' view:
Whether there has been an occurrence, however, depends upon whether there has been an accident, not upon the legal cause or consequence of that accident. Defective workmanship or the incorporation of defective materials is an `accident'.... With construction defects, the real issue usually is not whether there has been an "occurrence," but whether there has been property damage during the policy period, and, if so, whether the "work" exclusion is applicable. If the roof leaks or the wall collapses, the resulting property damage triggers coverage under an "occurrence" basis policy, even if the sole cause is improper construction and the only damage is to the work performed by the contractor. Whether coverage for such an "occurrence" is excluded by the work, product or other exclusion is a separate, very important inquiry.... On the other *76 hand, the mere existence of a construction defect does not trigger coverage under an "occurrence" basis policy; coverage is triggered only if the defect causes property damage during the policy term.
Id. at pp. 6-7, 721 So.2d at 1023-24 (quoting MCKENZIE AND JOHNSON, 15 LOUISIANA CIVIL LAW TREATISE, INSURANCE LAW AND PRACTICE § 183, at p. 370 (2d ed.1996) (emphasis added)).
In deciding the issue of whether there was an occurrence that triggered coverage under the State Farm policy, the trial court followed the line of jurisprudence rejected in Sandifer and held that the Masseys failed to prove an "occurrence." We reverse and find there was an "occurrence."

PRODUCTS-COMPLETED OPERATIONS COVERAGE
The Masseys further contend that the products-completed operations provision of the policy provides coverage for their claims, while State Farm contends that the work-product exclusions of the policy exclude coverage for their claims. The trial court determined that the work-product exclusions applied to the alleged warranty defects and held that the policy did not afford coverage in this case.
The State Farm policy definition of products-completed operations coverage includes "all bodily injury and property damage arising out of your product or your work except products that are still in your physical possession or work that has not yet been completed or abandoned." The bodily injury or property damage must occur away from premises owned or rented by the insured. Under the work-product exclusions of the policy, there is no liability coverage for "property damage to your product arising out of it or any part of it" or for "property damage to your work arising out of it or any part of it and included in the products-completed operations hazard." Under the policy, "your work" means "(1) work or operations performed by you or on your behalf; and (2) materials, parts or equipment furnished in connection with such work or operations." It includes "warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in (1) or (2) above." The work-product exclusions apply to the products-completed operations coverage. See Sandifer, 721 So.2d 1021, and Aetna Ins. Co. v. Grady White Boats, Inc., 432 So.2d 1082 (La.App. 3 Cir.1983). Therefore, there is no coverage under the policy for work performed by Parker himself on the Masseys' home, and we affirm this finding of the trial court.
The work exclusion of the State Farm policy does not apply to work performed by subcontractors. The exclusion for "property damage to your work" includes the following proviso: "this exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor." The parties stipulated that the brick work and indoor plumbing on the Masseys' home was performed by subcontractors. Therefore, the policy does provide liability coverage for defective brick work and defective indoor plumbing. The record does not contain sufficient evidence for us to determine the property damage resulting from the defective work performed by these subcontractors. Therefore, this matter must be remanded to the trial court for determination of this issue.

DECREE
For these reasons, the judgment of the trial court that there was no "occurrence" under the business liability section of the policy of insurance issued by State Farm to Parker is reversed. The judgment of the trial court that there was no coverage under the products-completed operations section of the State Farm policy for any of the defective workmanship on the Masseys' home is affirmed as to work performed *77 by Parker and reversed as to work performed by subcontractors. The matter is, hereby, remanded to the trial court for a determination of whether there is any property damage to the Massey home arising out of any defective brick work or indoor plumbing performed by subcontractors on behalf of Parker.
REVERSED IN PART, AFFIRMED IN PART, and REMANDED FOR FURTHER PROCEEDINGS.